**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SARAH STEELE<br>Coatesville, PA 19320,<br><br>    *Plaintiff*,<br><br>    v.<br><br>VESTWELL HOLDINGS INC.<br>360 Madison Avenue, 15th Floor<br>New York, NY 10017,<br><br>    *Defendant*. | CIVIL ACTION NO.<br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

## <u>COMPLAINT</u>

### I. <u>INTRODUCTION</u>

Plaintiff, Sarah Steele ("Plaintiff"), brings this action against her former employer, Vestwell Holdings Inc. ("Defendant"), for discriminating against Plaintiff based upon her sex (female), her disability (including history of and regarded as), her age (61 at the time of termination), and for retaliating against Plaintiff for seeking reasonable accommodations for her disability and for engaging in protected activity by complaining of sex discrimination, and for exercising her rights to FMLA-protected medical leave.

Defendant's unlawful conduct includes subjecting Plaintiff to a hostile work environment, failing to engage in an interactive process to determine what reasonable accommodations were necessary for Plaintiff's disability, and terminating Plaintiff's employment for false and pretextual reasons, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623, *et seq.* ("ADEA"), the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.*

1

("ADA"), the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

Plaintiff seeks damages, including economic loss, compensatory damages, liquidated damages, punitive damages, attorneys' fees and costs, and all other relief this Court deems appropriate.

## II.    PARTIES

1.    Plaintiff, Sarah Steele, is an individual and a citizen of the Commonwealth of Pennsylvania. Plaintiff resides in Coatesville, PA.

2.    Plaintiff is female.

3.    Plaintiff was born in 1963. As of when Defendant terminated Plaintiff's employment in December 2024, Plaintiff was sixty-one (61) years of age.

4.    At all relevant times, Plaintiff was "disabled" in that she suffered from an impairment, which substantially limited one or more of her major life activities, had a record of impairment and/or was regarded as having such an impairment.

5.    Defendant Vestwell Holdings Inc. is a corporation incorporated in the State of Delaware and is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

6.    Defendant Vestwell Holdings Inc. maintains a principal place of business at 360 Madison Avenue, 15th Floor, New York, NY 10017.

7.    At all relevant times, Defendant employed fifty (50) or more employees.

8.    At all relevant times, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

9.      At all relevant times, Defendant acted as an employer within the meaning of the statutes which form the basis of this matter.

10.     At all relevant times, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

11.     As of when Plaintiff initiated FMLA leave, Plaintiff had been employed for at least twelve hundred and fifty (1,250) hours of service during the preceding twelve (12) month period.

## III.    JURISDICTION AND VENUE

12.     The causes of action which form the basis of this matter arise under Title VII, the ADEA, the ADA, the FMLA, and the PHRA.

13.     This Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331.

14.     This Court has jurisdiction over Count II (ADEA) pursuant to 29 U.S.C. § 626(c) and 28 U.S.C. § 1331.

15.     This Court has jurisdiction over Count III (ADA) pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. § 1331.

16.     This Court has jurisdiction over Count IV (FMLA) pursuant to 29 U.S.C. § 2617(a)(2) and 28 U.S.C. § 1331.

17.     This Court has jurisdiction over Count V (PHRA) pursuant to 28 U.S.C. § 1367.

18.     Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred within this District.

19.     On or about January 6, 2025, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination and retaliation alleged herein. That Charge was cross-filed with the Pennsylvania Human Relations

Commission ("PHRC"). Attached hereto and incorporated herein as Exhibit "1" is a true and correct copy of Plaintiff's Charge of Discrimination (with personal identifying information redacted).

20.     On or about April 27, 2026, the EEOC issued to Plaintiff a Determination and Notice of Rights pertaining to Plaintiff's Charge of Discrimination. Attached hereto as Exhibit "2" is a true and correct copy of that Notice (with personal identifying information redacted).

21.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.    FACTUAL ALLEGATIONS

22.     Plaintiff was hired by Defendant on or about February 1, 2022.

23.     Plaintiff was born in April 1963.

24.     Plaintiff last held the position of Vice President, Relationship Manager.

25.     Plaintiff worked out of her home office in Pennsylvania.

26.     Prior to July 2023, Plaintiff reported to Douglas Magnolia (male, 58[1]), Chief Customer Officer and President.

27.     Magnolia reported to Aaron Schumm (male, 40), Founder and Chief Executive Officer.

28.     In July 2023, Plaintiff was demoted from an organizational perspective and began reporting to Stephen Jobe (male, 60), Senior Vice President.

29.     Jobe had no role in Plaintiff being hired by Defendant.

30.     Jobe reported to Magnolia.

31.     Plaintiff was the only female employee directly reporting to Jobe.

---

[1] Ages contained herein are approximates.

32. Plaintiff was the oldest employee directly reporting to Jobe.

33. Plaintiff consistently performed her job duties in a highly competent manner and received positive feedback.

34. Plaintiff had no performance or disciplinary issues throughout her employment with Defendant.

35. Plaintiff was treated differently and worse, and in a more hostile and dismissive manner than male employees were treated.

36. In August 2023, Defendant hired David Bell (male, 52), into a newly created Vice President position, reporting to Jobe.

37. Certain of Plaintiff's job duties and responsibilities were removed from her and assigned to Bell.

38. In September 2023, Bell was invited to speak at a conference, but Plaintiff was not.

39. In September 2023, Plaintiff's name was not included as part of the team in an important document.

40. Plaintiff was excluded from discussions and decisions related to her job duties and responsibilities.

41. Plaintiff was excluded from meetings and communications related to her job duties and responsibilities.

42. Plaintiff was excluded from a golf outing to which male employees, including Bell, were invited.

43. Plaintiff's performance was unjustly criticized.

44. In February 2024, in separate meetings with Magnolia and Jobe, Plaintiff complained of sex discrimination in connection with how she was being treated. Plaintiff stated

that she had been excluded from meetings, decisions, communications, and discussions related to her job duties, and that she was not included in the recent golf outing.

45.     Magnolia stated that Plaintiff's exclusion from meetings was an "oversight."

46.     Jobe admitted that it was likely "gender stereotypes" at play when Plaintiff was not invited to the recent golf outing, as it was assumed that women would not be interested in a golf tournament.

47.     Defendant failed to investigate Plaintiff's sex discrimination complaint.

48.     Defendant failed to remedy or prevent the discrimination and retaliation to which Plaintiff was subjected.

49.     On February 14, 2024, at an all hands meeting, Defendant announced a new leadership committee that included fourteen (14) male employees and two (2) female employees.

50.     When Plaintiff asked Magnolia about the same, he stated that he was not in the room when the committee members were chosen.

51.     In April 2024, Bell organized a meeting in which Plaintiff was not invited to speak and excluded Plaintiff from a separate meeting at which she was supposed to be present.

52.     On June 18, 2024, in a meeting with Magnolia, he stated that this would be a good time to transition Plaintiff out of Defendant.

53.     On August 29, 2024, in a meeting with Patty Kim (female, 38), Chief People Officer, Defendant offered Plaintiff a retirement severance package to leave Defendant in exchange for a release of all claims and confidentiality.

54.     Plaintiff understood Defendant's reference to a "retirement" severance package as age biased.

55.     Plaintiff understood that Defendant wanted her to leave her employment because

6

of her sex and/or her age and/or her engaging in protected activity.

56.    Plaintiff refused to accept the retirement severance package and elected to remain employed.

57.    On September 3, 2024, Plaintiff went out of work on a medical leave of absence due to the discriminatory and retaliatory hostile work environment to which she was being subjected.

58.    Plaintiff was diagnosed with anxiety disorder and depression.

59.    On September 3, 2024, in an email to Jobe, Plaintiff stated the following: "I have been written out of work on a medical leave of absence, and I am not able to speak with you but will work with my medical provider to submit any required information to support my medical leave."

60.    On September 3, 2024, Jobe sent a text message to Plaintiff stating: "Are you OK? Did you really have a sudden emergency medical issue or is that e-mail message code for 'I accepted Patty's offer'?"

61.    Plaintiff understood Jobe's above message as doubting that she had a genuine medical condition and as pressuring her to resign from Defendant and release all claims.

62.    On September 10, 2024, Kim sent Plaintiff a text message, copying Magnolia, that stated: "I wanted to check in since we didn't have a chance to connect last week. I saw that you've accepted our offer of retirement, so I was hoping to follow up on next steps there. I also wanted to check in as SJ shared you are on medical leave. I know my team has followed up on some additional info. Let me know when you can chat. Talk soon and hope everything is ok."

63.    Plaintiff understood Kim's above reference to "retirement" as age biased.

64.    On September 11, 2024, in an email to Kim, copying Magnolia, Plaintiff stated: "I

did not accept any offer of retirement, and I am not retiring. I am remaining employed and am out of work on an FMLA protected medical leave of absence."

65. On September 11, 2024, Kim responded, stating that she thought they were "moving forward with [Plaintiff's] retirement plan," and that she was "happy to discuss this further with [Plaintiff] upon [her] return."

66. On September 11, 2024, Plaintiff responded to Kim, stating: "[T]o reiterate at no time did I accept or agree to the retirement plan, I am not retiring. I am remaining employed, and I will keep Vestwell informed of updates regarding my medical leave of absence."

67. From September 3, 2024 to December 4, 2024, Plaintiff was out of work on a medical leave of absence.

68. On November 26, 2024, Plaintiff emailed Michelle Grandison (female, 28), Human Resources, submitting her Return to Work Form and asking for guidance on next steps relating to her transition back to work on December 4, 2024.

69. Plaintiff received no response to her above email to Grandison.

70. On November 26, 2024, Plaintiff emailed Kim, Magnolia, and Jobe, stating that she was looking forward to returning to work on December 4, 2024.

71. Plaintiff received no response to her above email.

72. On December 3, 2024, Plaintiff emailed Grandison, Kim, Magnolia, and Jobe, checking in regarding her return to work the next day.

73. On December 3, 2024, Kim responded confirming Plaintiff's return to work for December 4, 2024.

74. On December 4, 2024, Plaintiff returned to work from her medical leave of absence.

75. Following Plaintiff's return to work from her medical leave of absence, Plaintiff

was ignored.

76.    On December 4, 2024, in a phone call with Jobe, Jobe asked why Plaintiff did not accept the package to leave. Plaintiff stated that she was not interested in a package and that she was ready to return to work and looked forward to remaining employed at Defendant. Jobe stated that he did not want to give Plaintiff any work, and instructed Plaintiff to pretend that she was a new employee and listen in on meetings.

77.    On December 10, 2024, in a meeting with Magnolia and Kim, Defendant terminated Plaintiff's employment, effective immediately. The stated reason was position elimination.

78.    Defendant's stated reason for terminating Plaintiff's employment is pretext for sex and/or disability and/or age discrimination and/or retaliation for Plaintiff's seeking reasonable accommodations for her disability and/or her engaging in protected activity.

79.    Plaintiff received no explanation, including the selection criteria, as to why she was terminated while less qualified nondisabled, male, and/or younger and/or noncomplaining employees who had not sought reasonable accommodations for a disability and had less service time with Defendant than Plaintiff were retained.

80.    Plaintiff was the only employee reporting to Jobe who was terminated on December 10, 2024.

81.    At the time of Plaintiff's termination, Bell (male, 52) also reported to Jobe. Plaintiff was more qualified for his position.

82.    Defendant retained less qualified male and/or nondisabled and/or younger and/or noncomplaining employees who had not sought reasonable accommodations for a disability in positions for which Plaintiff was more qualified.

9

83. Defendant replaced Plaintiff with and assigned Plaintiff's job duties and responsibilities to male and/or nondisabled and/or younger employees who had not sought reasonable accommodations for a disability or engaged in protected activity, including Bell (male, 52). Plaintiff was more qualified to perform her job duties and responsibilities than the male, nondisabled, and/or younger employees, including Bell, with whom she was replaced and to whom her job duties and responsibilities were assigned.

84. Before Plaintiff engaged in protected activity, Plaintiff had no indication that her job was in jeopardy.

85. Plaintiff had no opportunity to remain employed with Defendant.

86. Defendant recently hired male and/or nondisabled and/or younger and/or noncomplaining employees who had not sought reasonable accommodations for a disability in positions for which Plaintiff was more qualified.

87. Defendant did not target or treat in the same way similarly situated male and/or nondisabled and/or younger and/or noncomplaining employees and/or employees who had not sought reasonable accommodations for a disability.

88. Plaintiff was treated differently and worse, and in a more hostile and dismissive manner, than male and/or younger and/or nondisabled employees who had not sought reasonable accommodations for a disability or engaged in protected activity.

89. Plaintiff's sex was a motivating and/or determinative factor in Defendant's discriminatory and retaliatory treatment of Plaintiff, including in connection with her termination and the hostile work environment to which she was subjected.

90. Plaintiff's age was a motivating and/or determinative factor in Defendant's discriminatory and retaliatory treatment of Plaintiff, including in connection with her termination

and the hostile work environment to which she was subjected.

91.    Plaintiff's disability was a motivating and/or determinative factor in Defendant's discriminatory and retaliatory treatment of Plaintiff, including in connection with her termination and the hostile work environment to which she was subjected.

92.    Plaintiff's seeking reasonable accommodations for her disability and/or engaging in protected activity was a motivating and/or determinative factor in Defendant's discriminatory and retaliatory treatment of Plaintiff, including in connection with her termination and the hostile work environment to which she was subjected.

93.    The discriminatory and retaliatory conduct of Defendant, as alleged herein, was sufficiently severe and/or pervasive to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

94.    The retaliatory actions taken against Plaintiff after she complained of discriminatory conduct would have discouraged a reasonable employee from complaining of discrimination.

95.    Defendant failed to prevent or address the discriminatory and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discriminatory and retaliatory conduct.

96.    As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the extent of which is not known at this time.

## COUNT I – TITLE VII

97. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

98. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated Title VII.

99. As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

100. The conduct of Defendant, as set forth above, was willful, malicious, and outrageous under the circumstances and warrants the imposition of punitive damages against Defendant.

101. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless this Court grants the relief requested herein.

102. No previous application has been made for the relief requested herein.

## COUNT II – ADEA

103. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

104. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated the ADEA.

105. As a direct and proximate result of Defendant's violations of the ADEA, Plaintiff has suffered the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

106. Said violations were willful and warrant the imposition of liquidated damages.

12

107.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless this Court grants the relief requested herein.

108.    No previous application has been made for the relief requested herein.

### COUNT III – ADA

109.    Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

110.    By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated the ADA.

111.    As a direct and proximate result of Defendant's violations of the ADA, Plaintiff has suffered the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

112.    The conduct of Defendant, as set forth above, was willful, malicious, and outrageous under the circumstances and warrants the imposition of punitive damages against Defendant.

113.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless this Court grants the relief requested herein.

114.    No previous application has been made for the relief requested herein.

### COUNT IV – FMLA

115.    Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

116.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the FMLA.

13

117. As a result of Defendant terminating Plaintiff shortly after, and because, she exercised her FMLA rights, Defendant violated the FMLA.

118. Plaintiff's exercise of her FMLA rights was considered as a negative factor, and was a motivating and determinative factor in Defendant's conduct towards Plaintiff, including its decision to subject Plaintiff to a hostile work environment and to terminate Plaintiff's employment.

119. Defendant retaliated against Plaintiff for exercising her FMLA rights.

120. Said violations were not in good faith, and Defendant did not have reasonable grounds to believe that the foregoing acts were not in violation of the FMLA.

121. Defendant's violations of the FMLA warrant the imposition of liquidated damages.

122. As a direct and proximate result of Defendant's violations of the FMLA, Plaintiff has suffered damages and losses set forth herein and has incurred attorneys' fees and costs.

123. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's violations of the FMLA unless this Court grants the relief requested herein.

124. No previous application has been made for the relief requested herein.

**COUNT V – PHRA**

125. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

126. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the PHRA.

127. Said violations were intentional and willful.

128. As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

14

129.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

130.    No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's unlawful conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)    declaring the acts and practices complained of herein to be in violation of Title VII;

(b)    declaring the acts and practices complained of herein to be in violation of the ADEA;

(c)    declaring the acts and practices complained of herein to be in violation of the ADA;

(d)    declaring the acts and practices complained of herein to be in violation of the FMLA;

(e)    declaring the acts and practices complained of herein to be in violation of the PHRA;

(f)    enjoining and permanently restraining the violations alleged herein;

(g)    entering judgment against the Defendant and in favor of the Plaintiff in an amount to be determined;

(h)     awarding damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(i)     awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(j)     awarding liquidated damages to Plaintiff under the ADEA;

(k)     awarding liquidated damages to Plaintiff under the FMLA;

(l)     awarding punitive damages to Plaintiff under Title VII and the ADA;

(m)     awarding Plaintiff such other damages as are appropriate under Title VII, the ADEA, the ADA, the FMLA, and the PHRA;

(n)     awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(o)     granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

Respectfully submitted,

**CONSOLE MATTIACCI LAW LLC**

Dated: 7/6/2026               BY:     */s/ Rahul Munshi*
                                      Rahul Munshi, Esquire
                                      1525 Locust Street, Floor 9
                                      Philadelphia, PA 19102
                                      215-545-7676
                                      munshi@consolelaw.com

                                      *Attorneys for Plaintiff*

16