**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SARAH ELIZABETH STEELE**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**VESTWELL HOLDINGS INC.**<br><br>**Defendant.** | **Civil Action No.: 2:26-cv-04664-KNS** |

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION BEFORE THE AMERICAN ARBITRATION ASSOCIATION IN NEW YORK NEW YORK, NEW YORK AND STAY PLAINTIFF'S COMPLAINT**

---

# TABLE OF CONTENTS


TABLE OF AUTHORITIES .......... ii

I. INTRODUCTION .......... 1

II. RELEVANT FACTUAL BACKGROUND .......... 1

III. LEGAL ARGUMENT .......... 2

A. Legal Standard .......... 2

B. The Agreement in this Matter is Valid and Binding. .......... 4

C. Plaintiff's Claims Fall Within the Scope of the Agreement. .......... 5

IV. CONCLUSION .......... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Asberry-Jones v. Wells Fargo Bank, N.A.*,
Civ. A. 19-83, 2019 U.S. Dist. LEXIS 79387 (E.D. Pa. May 10, 2019) (Kearney, J.) ....3

*AT&T Technologies, Inc.* v. *Communications Workers of Am.*,
475 U.S. 643 (1986) ....3

*Atacs Corp. v. Trans World Commc'ns, Inc.*,
155 F.3d 659 (3d Cir. 1998) ....4

*Battaglia v. McKendry*,
233 F.3d 720 (3d Cir. 2000) ....5

*Bird v. Am. Bread Co., LLC*,
Civ. A. No. 12-727, 2012 U.S. Dist. LEXIS 121201 (E.D. Pa. Aug. 24, 2012) (Rufe, J.) ....3

*Century Indem. Co. v. Certain Underwriters at Lloyd's London*,
584 F.3d 513 (3d Cir. 2009) ....2, 4

*Crescent Int'l, Inc. v. Avatar Cmtys., Inc.*
857 F.2d 943 (3d Cir. 1988) ....5

*Dicent v. Kaplan Univ.*,
758 F. App'x 311 (3d Cir. 2019) ....4

*Epic Sys. Corp. v. Lewis*,
138 S. Ct. 1612 (2018) ....4

*First Options of Chi., Inc. v. Kaplan*,
514 U.S. 938 (1995) ....4

*Flynn v. eKidz Care, Inc.*,
2019 U.S. Dist. LEXIS 134237 (E.D. Pa. 2019) ....5, 6

*Gilmer v. Interstate/Johnson Lane Corp.*,
500 U.S. 20 (1991) ....3, 5

*John Hancock Mut. Life Ins. Co. v. Olick*,
151 F.3d 132 (3d Cir. 1998) ....4

*Kirleis v. Dickie, McCamey & Chilcote, P.C.*,
560 F.3d 156 (3d Cir. 2009) ....5

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
473 U.S. 614 (1985)....................................................................................................3

*Rullex Co., LLC v. Tel-Stream, Inc.*,
232 A.3d 620 (Pa. 2020)...............................................................................................4

*Schwartz v. Ritz-Carlton Hotel Co., LLC*,
No. 17-4116, 2018 U.S. Dist. LEXIS 130231 (E.D. Pa. Aug. 2, 2018) ...................................4

*Seus v. John Nuveen & Co.*,
146 F.3d 175 (3d Cir. 1998)...........................................................................................5

*Smeck v. Comcast Cable Commc'ns Mgmt., LLC*,
No. 19-5739, 2020 U.S. Dist. LEXIS 221526 (E.D. Pa. Nov. 25, 2020) .................................4

*Smith v. Spizzirri*,
601 U.S. 472 (May 16, 2024) .........................................................................................6

**Statutes**

9 U.S.C. § 2.....................................................................................................................3

9 U.S.C. § 3.....................................................................................................................6

Federal Arbitration Act (FAA) ..........................................................................................2

## I. INTRODUCTION

This is a straight-forward motion. Plaintiff Sarah Steele filed the instant lawsuit alleging that Defendant Vestwell Holdings, Inc. ("Vestwell" or "Defendant") terminated her employment in violation of various federal and state statutes. Before commencing her employment, however, Plaintiff executed an employment agreement that contains a mandatory arbitration provision. Among other things, the provision requires that all disputes relating to Plaintiff's employment be summitted to binding arbitration through the American Arbitration Association ("AAA") in New York, New York. As discussed below, the arbitration provision is enforceable under well-settled law, and Plaintiff's claims fall squarely within its scope.

As a result, Defendant respectfully requests that this Court stay the matter and compel Plaintiff to arbitrate her claims before the AAA.[1]

## II. RELEVANT FACTUAL BACKGROUND[2]

Plaintiff was hired by Defendant as a Vice President Relationship Manager, starting on February 1, 2022. *See* Dkt Entry No. 1, ¶ 24. Prior to her first day of work, Plaintiff signed an employment agreement on November 16, 2021.[3] *See* Employment Agreement, attached as Exhibit "A." The agreement discusses, among other things, the scope of Plaintiff's employment, grounds for termination, compensation, and benefits. *Id.* Additionally, the agreement includes a section

[1] Prior to making this motion, Defense counsel provided Plaintiff's counsel with a copy of the Employment Agreement and requested their consent to move this matter to AAA. Plaintiff's counsel refused, necessitating this motion.

[2] The facts set forth in Plaintiff's Complaint will be assumed true for purposes of this Motion and Memorandum of Law only.

[3] Plaintiff's former name was Sarah Riefenstahl.

entitled, "Mutual Waiver of Jury Trial, Class or Collective Action," which sets forth in relevant part:

> Each party waives the right to trial by jury in any action or proceeding based upon, arising out of, or in any way relating to this Agreement, whether sounding in contract or tort or otherwise. All disputes shall be submitted to mediation to be held in New York, New York with each party participating in good faith in the mediation and paying each of their own costs and expenses. If the mediation does not result in a settlement of any dispute, then the parties agree to submit the dispute to binding arbitration, before the American Arbitration Association ('AAA'), with an arbitration to be held in New York, New York and decided in accordance with the AAA Commercial Arbitration Rules.

*See* Exhibit A, ¶ 22.[4]

Plaintiff's employment was terminated on December 10, 2024. She then filed this lawsuit on July 6, 2026 alleging wrongful termination under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), the Family Medical Leave Act ("FMLA") and the Pennsylvania Human Relations Act ("PHRA"). *See* Dkt Entry No. 1, ¶¶ 78-96.

As discussed below, these claims fall within the arbitration provision of Plaintiff's employment agreement and should have been brought in AAA.

## III. <u>LEGAL ARGUMENT</u>

### A. Legal Standard

The Federal Arbitration Act (FAA) "creates a body of federal substantive law establishing and governing the duty to honor agreements to arbitrate disputes." *Century Indem. Co. v. Certain*

---

[4] The Parties had preliminary settlement discussions when this matter was pending with the Equal Employment Opportunity Commission ("EEOC"). Based on the Parties' positions, we do not believe that mediation will be a productive use of time and money. As a result, Defendant is waiving the portion of the arbitration agreement that requires mediation prior to initiating proceedings with AAA.

*Underwriters at Lloyd's London*, 584 F.3d 513, 522 (3d Cir. 2009). Under the FAA, a contract that requires the arbitration of disputes "***shall*** be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (emphasis added). As the Supreme Court has recognized, the FAA embodies a "liberal federal policy favoring arbitration agreements," *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991), and as such, the FAA requires federal courts to "rigorously enforce agreements to arbitrate." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 627-28 (1985) (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 221 (1985)). Therefore, a court should not deny arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Technologies, Inc.* v. *Communications Workers of Am.*, 475 U.S. 643, 650 (1986). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone*, 460 U.S. at 24–25; *see also AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (doubts resolved in favor of coverage). When the parties' agreement contains a broad arbitration clause, "there arises a presumption of arbitrability." *AT&T Techs.*, 475 U.S. at 650.

Where, as here, "it appears from the face of the complaint… that certain of its claims are subject to an enforceable arbitration clause," any motion to compel arbitration should be evaluated under Federal Rule of Civil Procedure 12(b)(6). *Bird v. Am. Bread Co., LLC*, Civ. A. No. 12-727, 2012 U.S. Dist. LEXIS 121201 at *6 (E.D. Pa. Aug. 24, 2012) (Rufe, J.). *See Asberry-Jones v. Wells Fargo Bank, N.A.*, Civ. A. 19-83, 2019 U.S. Dist. LEXIS 79387 at *7 (E.D. Pa. May 10, 2019) (Kearney, J.) (applying a Rule 12(b)(6) absent disputed issues of fact). In deciding whether an action is arbitrable, the Court must determine (1) whether the parties have entered into a valid, enforceable agreement and (2) whether the parties' dispute lies within the scope of such agreement.

*John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 137 (3d Cir. 1998). Here, both factors favor enforcement of Plaintiff's arbitration agreement.

**B. The Agreement in this Matter is Valid and Binding.**

Courts evaluate arbitration agreements using "ordinary state-law principles that govern the formation of contracts." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *see also Century Indem. Co. v. Certain Underwriters at Lloyd's London*, 584 F.3d 513, 524 (3d Cir. 2009). A valid contract requires mutual assent and consideration. *See Atacs Corp. v. Trans World Commc'ns, Inc.*, 155 F.3d 659, 666 (3d Cir. 1998); *Rullex Co., LLC v. Tel-Stream, Inc.*, 232 A.3d 620, 627 (Pa. 2020). Both elements are satisfied here.

First, Plaintiff executed the agreement on November 16, 2021, prior to the commencement of her employment on February 1, 2022. (Ex. A.) The agreement bears Plaintiff's signature and contains the arbitration provision in paragraph 22. A signed employment agreement is compelling evidence of mutual assent. *Schwartz v. Ritz-Carlton Hotel Co., LLC*, No. 17-4116, 2018 U.S. Dist. LEXIS 130231, at *10 (E.D. Pa. Aug. 2, 2018) (enforcing arbitration provision in signed employment agreement); *see also Dicent v. Kaplan Univ.*, 758 F. App'x 311, 313 (3d Cir. 2019) (electronic signatures equally valid to indicate assent to arbitration). Additionally, as the Supreme Court affirmed, employment agreements - such as the agreement at issue here - fall squarely within the scope of the FAA. *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018).

Second, adequate consideration supports the agreement to arbitrate. Courts have held that an employer's promise to employ on the one hand, and a plaintiff's promise to perform the duties of her position on the other, constitute sufficient consideration for an arbitration agreement. *Smeck v. Comcast Cable Commc'ns Mgmt., LLC*, No. 19-5739, 2020 U.S. Dist. LEXIS 221526, at *14 (E.D. Pa. Nov. 25, 2020) (mutual promises in employment agreement provide consideration for

arbitration clause); *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009) (enforcing employment arbitration agreement where parties' mutual obligations provided consideration).

**C. Plaintiff's Claims Fall Within the Scope of the Agreement.**

The arbitration agreement here requires arbitration for all disputes "based upon, arising out of, or in any way relating to this Agreement, whether sounding in contract or tort or otherwise." Ex. A, ¶ 22. Courts consistently recognize that this precise language covers claims of employment discrimination, not just claims relating to the terms of the agreement itself. *See Battaglia v. McKendry*, 233 F.3d 720, 727 (3d Cir. 2000); *Gilmer*, 500 U.S. at 35; *Seus v. John Nuveen & Co.*, 146 F.3d 175, 182-85 (3d Cir. 1998); *Crescent Int'l, Inc. v. Avatar Cmtys., Inc.* 857 F.2d 943, 944 (3d Cir. 1988); *Flynn v. eKidz Care, Inc.*, 2019 U.S. Dist. LEXIS 134237 (E.D. Pa. 2019).

Here, Plaintiff claims arise directly from the rights, obligations and duties attendant to her employment relationship with Defendant. Specifically, Plaintiff's own allegations repeatedly rely upon provisions and subjects expressly addressed in her employment agreement. The agreement defines Plaintiff's employment, position, reporting structure, compensation, employee benefits, termination rights, and the terms and conditions of her employment. Dkt Entry No. 1 at ¶¶ 1-10. Plaintiff's claims concerning discriminatory treatment, retaliation, job responsibilities, leave, accommodations, benefits, and termination all derive from and concern those same aspects of the parties' contractual relationship. Plaintiff also seeks damages based on lost wages, lost earning capacity, lost benefits, and her allegedly wrongful termination. Exhibit A at ¶¶ 96, 128, Relief Requested ¶¶ (h)-(m). These alleged damages necessarily depend upon the existence of the employment relationship established by the agreement and therefore bear more than a sufficient nexus to trigger arbitration.

Accordingly, Plaintiff's claims unquestionably "arise out of" and "relate to" the Agreement within the ordinary meaning of those terms. *See, e.g., Flynn v. eKidz Care, Inc.*, 2019 U.S. Dist. LEXIS 134237 (E.D. Pa. 2019) (holding choice of venue provision in employment agreement that applied to “any proceeding to enforce rights [under the agreement]” covered ADA and PHRA claims that were premised on employment relationship created by the agreement). As a result, Plaintiff’s claims are covered by the arbitration agreement and this matter should be compelled to AAA.

## IV. <u>CONCLUSION</u>

For these reasons, Defendant Vestwell Holdings, Inc. respectfully requests that this Court enter an Order compelling Plaintiff to submit her claims to binding arbitration before the American Arbitration Association in New York, New York, in accordance with paragraph 22 of the Agreement, and staying this action pending the completion of arbitration pursuant to 9 U.S.C. § 3.[5]

Respectfully Submitted,

**JACKSON LEWIS P.C.**

*/s/ Andrew La Fiura*
Andrew D. La Fiura, Esq. (PA #307891)
Preeya Bansal, Esq. (PA #319359)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
F: (215) 399-2249
Andrew.Fiura@jacksonlewis.com
Preeya.Bansal@jacksonlewis.com

4896-4098-7603, v. 6

[5] The Supreme Court ruled that the FAA requires district courts to stay litigation subject to potential arbitration, rather than dismiss such claims. *Smith v. Spizzirri*, 601 U.S. 472 (May 16, 2024).