**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SARAH ELIZABETH STEELE**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**VESTWELL HOLDINGS INC.**<br><br>**Defendant.** | **Civil Action No.: 2:26-cv-04664-KNS** |

# DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO COMPEL ARBITRATION BEFORE THE AMERICAN ARBITRATION ASSOCIATION AND STAY PLAINTIFF'S COMPLAINT

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii

I. INTRODUCTION .......... 1

II. ARGUMENT .......... 1

- A. Paragraph 22's Plain Language Covers Plaintiff's Claims .......... 1
- B. Plaintiff's Claims Arise From Subjects the Agreement Expressly Governs .......... 2
- C. Plaintiff's Reliance on *DiIulio* and *Yevak* is Misplaced .......... 4
- D. Plaintiff's Response to Defendant's Authorities Confirms that Her Claims Are Arbitrable .......... 5

III. CONCLUSION .......... 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AT&T Techs., Inc. v. Communs. Workers of Am.*,
475 U.S. 643 (1986)....2, 5

*Battaglia v. McKendry*,
233 F.3d 720 (3d Cir. 2000)....2

*Century Indem. Co. v. Certain Underwriters at Lloyd's, London*,
584 F.3d 513 (3d Cir. 2009)....4, 5

*Great W. Mortg. Corp. v. Peacock*,
110 F.3d 222 (3d Cir. 1997)....4

*Reading Health Sys. v. Bear Stearns & Co.*,
900 F.3d 87 (3d Cir. 2018)....4

*Seus v. John Nuveen & Co.*,
146 F.3d 175 (3d Cir. 1998)....4

*Smith v. Spizzirri*,
601 U.S. 472 (2024)....5

*Trippe Mfg. Co. v. Niles Audio Corp.*,
401 F.3d 529 (3d Cir. 2005)....2, 5

**Statutes**

ADA....3, 5

ADEA....4

Federal Arbitration Act (FAA)  .... *passim*

FMLA....3

## I. INTRODUCTION

Plaintiff does not dispute that she signed the Employment Agreement (the "Agreement"), that it contains a binding arbitration provision, or that the Federal Arbitration Act ("FAA") applies. Additionally, Plaintiff does not challenge the validity or enforceability of the Agreement on grounds of unconscionability, waiver, fraud, duress, or contract formation. Plaintiff argues only that her claims fall outside the scope of the arbitration provision. They do not.

Paragraph 22 requires the parties to arbitrate "[a]ll disputes" relating to the Agreement. Plaintiff's claims challenge employment decisions concerning her reporting structure, job responsibilities, medical leave, severance benefits, compensation, and termination, all subjects expressly addressed in the Agreement. Those claims therefore fall within the scope of paragraph 22.

Plaintiff's Opposition fails for three reasons. First, it asks the Court to read limitations into paragraph 22 that the parties never included. Second, it relies primarily on two non-binding venue-transfer decisions that neither involved arbitration agreements nor applied the FAA. Third, its attempt to distinguish Defendant's authorities ultimately confirms that Plaintiff's claims fall within the scope of paragraph 22. Since Plaintiff cannot demonstrate "with positive assurance" that the arbitration provision does not cover her claims, the Court should compel arbitration and stay this action.

## II. ARGUMENT

### A. Paragraph 22's Plain Language Covers Plaintiff's Claims

Plaintiff's argument does not account of paragraph 22 as a whole. The first sentence identifies an expansive category of proceedings: those "based upon, arising out of, or in any way relating to this Agreement, whether sounding in contract or tort or otherwise." Dkt Entry No. 11-

2 at ¶ 22. The next sentence states, that "[a]ll disputes" must be submitted to mediation. *Id.* The final sentence requires the parties to submit the dispute to binding arbitration if mediation does not produce a settlement. *Id.*

Plaintiff argues that "[a]ll disputes" means only disputes seeking to enforce or interpret the Agreement. Nothing in paragraph 22 supports that limitation. Paragraph 22 does not say "all contract disputes," "all claims for breach," or all disputes requiring interpretation of this Agreement. Instead, it expressly encompasses proceedings "sounding in contract or tort *or otherwise*." Plaintiff's interpretation would read the phrase "or otherwise" out of paragraph 22. Courts must give effect to all of the words the parties included and avoid rendering any provision meaningless.

Nor can Plaintiff reconcile her position with the phrase "in any way relating to." The Third Circuit repeatedly has recognized that arbitration clauses covering disputes "arising under" or "arising out of" an agreement are broad in scope. *Battaglia v. McKendry*, 233 F.3d 720, 727 (3d Cir. 2000).

Paragraph 22 falls squarely within the type of broad arbitration provision the Third Circuit has repeatedly enforced. At minimum, Plaintiff's interpretation creates a dispute regarding scope. Under the FAA, any doubts concerning the scope of an arbitration agreement must be resolved in favor of arbitration. *AT&T Techs., Inc. v. Communs. Workers of Am.*, 475 U.S. 643, 650 (1986); *Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529, 532 (3d Cir. 2005).

**B. Plaintiff's Claims Arise From Subjects the Agreement Expressly Governs**

Plaintiff contends that her claims arise from independent statutory duties and that the Agreement provides only background facts. Dkt Entry No. 12 at 12. Her Complaint shows otherwise.

First, Plaintiff alleges that Defendant effectively demoted her by changing her reporting structure and reassigning responsibilities. Dkt Entry No. 1 at ¶¶ 28, 36–37, 40–41. Paragraph 3 of the Agreement governs those subjects and expressly reserves Defendant's right to modify reporting lines, responsibilities, and titles. Dkt Entry No. 11-2 at ¶ 3. Second, Plaintiff challenges Defendant's decision to eliminate her position and terminate her employment. Dkt Entry No. 1 at ¶¶ 77–78. Paragraphs 2 and 6 of the Agreement address Defendant's authority to terminate employment and define the parties' rights following termination. Dkt Entry No. 11-2 at ¶¶ 2, 6. Third, Plaintiff's ADA, FMLA, and PHRA claims arise from her medical leave and alleged disability-related issues. Dkt Entry No. 1 at ¶¶ 57–76. Paragraph 7 of the Agreement addresses disability and the consequences of extended absences from work. Dkt Entry No. 11-2 at ¶ 7. Fourth, Plaintiff relies heavily on a severance package offered in exchange for a release of claims. Dkt Entry No. 1 at ¶¶ 53–56, 62–66, 76. Paragraph 10 of the Agreement governs severance payments and conditions those benefits on the execution of a release. Dkt Entry No. 11-2 at ¶ 10(a). Finally, Plaintiff seeks lost wages, benefits, front pay, and other economic damages. Dkt Entry No.1 at ¶ 96 & Relief ¶ (h). Paragraphs 4 through 6 of the Agreement define her compensation, benefits, and post-employment entitlements. Dkt Entry No. 11-2 at ¶¶ 4–6. In short, this is not a case where the Agreement merely provides background context. The claims arise directly from employment decisions addressed by the Agreement.

Furthermore, Plaintiff cannot avoid arbitration by characterizing her claims as purely statutory. The Third Circuit has explained that one relevant consideration is whether resolution of the claims requires reference to the agreement itself. *CardioNet*, 751 F.3d at 173. Here, it does. The parties cannot litigate Plaintiff's claims without reference to provisions governing her

responsibilities, reporting structure, leave of absence, compensation, severance benefits, and termination.

The Third Circuit has repeatedly enforced arbitration agreements covering statutory employment claims, including claims asserted under Title VII, the ADEA, and comparable state anti-discrimination statutes. *Seus v. John Nuveen & Co.*, 146 F.3d 175, 182-83 (3d Cir. 1998); *Great W. Mortg. Corp. v. Peacock*, 110 F.3d 222, 228-31 (3d Cir. 1997).

**C. Plaintiff's Reliance on *DiIulio* and *Yevak* is Misplaced**

Plaintiff relies primarily on two non-binding decisions, *DiIulio* and *Yevak.*[1] Dkt Entry No. 12 at 9-11. Neither cases involved an arbitration agreement nor applied the FAA. Both arose in the context of venue disputes. That distinction matters. The FAA establishes a federal policy favoring arbitration and requires courts to resolve doubts concerning the scope of arbitration provisions in favor of arbitration. C*entury Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 522-24 (3d Cir. 2009).

Plaintiff's reliance on those cases also ignores the Third Circuit's observation that comparisons among dispute-resolution provisions are meaningful only where the contractual language is materially similar. *Reading Health Sys. v. Bear Stearns & Co.*, 900 F.3d 87, 98 (3d Cir. 2018). The provisions discussed in *DiIulio* and *Yevak* bear little resemblance to paragraph 22. By Plaintiff's own account, the agreement in *Yevak* governed confidential information, restrictive covenants, and intellectual property, and the plaintiff's claims had nothing to do with those subjects. Dkt Entry No. 12 at 10-11. Here, Plaintiff's claims concern matters the Agreement expressly addresses. *See* Part II.A.2, *supra*.

---

[1] Notably, there is no Exhibit B attached to Plaintiff's Opposition brief.

*DiIulio* is similarly distinguishable. Plaintiff describes that decision as involving a forum clause covering actions arising from an agreement or the transactions contemplated by it and emphasizes that no breach of the agreement alleged. Dkt Entry No. 12 at 9-10. Here, paragraph 22 of Agreement is not limited to breach claims. It expressly reaches proceedings relating "in any way relating to this Agreement, whether sounding in contract or tort *or otherwise*." Notably, Plaintiff cites no Third Circuit decision denying a motion to compel arbitration under language comparable to paragraph 22.

### D. Plaintiff's Response to Defendant's Authorities Confirms that Her Claims Are Arbitrable

Plaintiff dismisses Defendant's reliance on the FAA's policy favoring arbitration as "general" authority. However, arbitration should not be denied unless the Court can say with positive assurance that the arbitration clause does not cover the dispute. *AT&T Techs.*, 475 U.S. at 650; *Trippe*, 401 F.3d at 532; *Century Indem.*, 584 F.3d at 524. Plaintiff never meets that standard.

Indeed, Plaintiff's discussion of *Flynn v. eKidz Care, Inc.* highlights the weakness of her position. Plaintiff acknowledges that the arbitration provision in *Flynn* applied only to proceedings brought to enforce rights arising under the agreement, yet the court still compelled arbitration of ADA and PHRA claims. Dkt Entry No. 12 at 12-13.

Paragraph 22 is substantially broader. It reaches proceedings "based upon, arising out of, or in any way relating to this Agreement, whether sounding in contract or tort, or otherwise." If the narrower provision in *Flynn* included statutory discrimination claims, paragraph 22 does as well.

## III. <u>CONCLUSION</u>

For the foregoing reasons and those in its opening Memorandum, Defendant respectfully requests that the Court compel Plaintiff to arbitrate her claims before the American Arbitration

Association in accordance with paragraph 22 of the Agreement and stay this action pending completion of arbitration.

Respectfully submitted,

**JACKSON LEWIS P.C.**

*/s/ Preeya Bansal*

Andrew D. La Fiura, Esq. (PA #307891)
Preeya Bansal, Esq. (PA #319359)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
Andrew.Fiura@jacksonlewis.com
Preeya.Bansal@jacksonlewis.com
*Counsel for Defendant*

Dated: October 30, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 30, 2026, I caused the foregoing document to be served on the following counsel of record via electronic filing:

Rahul Munshi, Esquire
Console Mattiacci Law LLC
1525 Locust Street, Floor 9
Philadelphia, PA 19102
munshi@consolelaw.com
*Counsel for Plaintiff*

*/s/ Preeya Bansal*
Preeya Bansal (#319359)